# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Rashad Taitts (#K-60209),	)
	)
    Plaintiff,	)
	)    No. 11 C 3004
	)
	)    Hon. Susan E. Cox
Maywood Police Officer Verpill,	)
	)
    Defendant.	)

## MEMORANDUM OPINION AND ORDER

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a Maywood police officer, violated the plaintiff's constitutional rights by falsely arresting him, by using unjustified force during the course of arrest, and by denying him needed medical care for his injuries. More specifically, the plaintiff alleges that the defendant stopped him for no reason as he was walking down the street, physically attacked him, and then arrested him without probable cause. The plaintiff additionally purports several causes of action under state tort law. The parties have consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). This matter is before the court for ruling on the defendant's motion to dismiss certain counts for failure to state a claim. For the reasons stated in this order, the motion is granted.

## I. STANDARD ON A MOTION TO DISMISS

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), a plaintiff need only state his basic legal claim and provide "some indication ... of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* at 555. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

2

its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court.").

## II. BACKGROUND

Plaintiff Rashad Taitts is an Illinois state prisoner. Defendant Larry Verpil is a Maywood police officer.

The plaintiff alleges the following facts, assumed true for purposes of the motion to dismiss:

At about 3:00 a.m. on May 31, 2009, the plaintiff was walking down a Maywood street near his home when a squad car approached him. The plaintiff did not attempt to flee or elude the police even though he had the opportunity to do so.

Verpil drew his gun and ordered the plaintiff not to move; the plaintiff complied with the order. For no reason, Verpil struck the plaintiff in the face with his gun, causing him to fall to the ground. Verpil then handcuffed the plaintiff's arms behind his back as he lay on the ground. Verpil offered no explanation for why he had stopped the plaintiff, struck him, or arrested him.

A 12-gauge shotgun was recovered at the scene when the plaintiff was arrested. The plaintiff maintains that he owns no firearms, implying that the defendant planted the gun.

Verpil denied the plaintiff medical attention for his injuries even though the plaintiff specifically requested medical treatment and his injuries were "obvious and observable." Instead, Verpil transported the plaintiff to the police station.

3

After the plaintiff was booked, the Cook County Jail refused to admit him into custody because he was complaining of injuries and of the alleged confiscation of his anti-seizure medication by the defendant. Accordingly, the plaintiff was placed back into the custody of the Maywood Police transport officers.

On June 2, 2009, or about two days later, the plaintiff was taken to the Loyala Hospital for treatment. Although the plaintiff reported the manner in which he had sustained injuries, the nurse who attended to him intentionally omitted the details of the arrest from the hospital records.

The judge who presided over the plaintiff's state criminal proceedings "unlawfully" found that probable cause existed for the arrest even though the court was apprised that the plaintiff owned no firearms.

On December 7, 2010, at the conclusion of a bench trial, the trial judge found the plaintiff guilty of unlawful use of a weapon and of being an armed habitual criminal. The trial court specifically found the plaintiff's account that he was walking along his sidewalk unarmed to be incredible, and the defendant's account that the plaintiff was standing on his porch with a rifle to be credible. The plaintiff is currently serving a ten-year prison sentence.[1]

### III. ANALYSIS

Even accepting the plaintiff's factual allegations as true, the court concludes that Counts 1, 3, 4, 5, 6, 7, and 8 all fail to state viable causes of action against the defendant. The plaintiff may

---

[1] The defendant has submitted a copy of the plaintiff's Order of Commitment as an exhibit to the motion to dismiss. In resolving a motion to dismiss, the court is entitled to take judicial notice of matters of public record without converting the motion to a motion for summary judgment. *See, e.g., Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (citations omitted); *Thayer v. Chiczewski*, No. 07 C 1290, 2007 WL 3447931, *1 (N.D. Ill. Nov. 13, 2007) (Darrah, J.) (taking judicial notice of state court records relating to a plaintiff's criminal arrest and conviction).

proceed only on Count 2, his claim that the defendant used unjustified force during the course of the arrest, as well as his claim that he was initially denied needed medical care for his injuries. The court will address each count in turn:

**A. Count 1: False Arrest**

Under the circumstances of this case, the plaintiff's convictions for aggravated unlawful use of a weapon and for being an armed habitual criminal preclude his claim that he was falsely arrested. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490.

In many cases, "a wrongful arrest claim does not necessarily undermine a conviction; one can have a successful wrongful arrest claim and still have a perfectly valid conviction." *Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004) (internal citations omitted); *see also Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). But the instant case dictates a different result. The plaintiff's conviction for aggravated unlawful use of a weapon is wholly incompatible with his claim that the defendant planted evidence in order to justify the arrest. *See, e.g., Akpulonu v. McGowan*, No. 03 C 4546, 2004 WL 2034084, *9 (N.D. Ill. Aug. 12, 2004) (Hart, J.), *citing Wiley*, 361 F.3d at 997 ("If, as alleged, Wiley was arrested and prosecuted solely on the basis of drugs planted by the arresting officers, then any attack on the arrest would necessarily challenge the legality of a prosecution premised on the planted drugs.").

5

This case is one in which "a successful challenge to a false arrest can indeed impugn the validity of the plaintiff's conviction," such that a putative Section 1983 plaintiff will have to wait until his criminal conviction is set aside to bring any claim. *Wiley*, 361 F.3d at 997 (quoting *Gauger v. Hendle*, 349 F.3d 354, 361 (7th Cir. 2003)); *see also Patterson v. Burge*, 328 F. Supp. 2d 878, 896 (N.D. Ill. 2004) (Gottschall, J.). "In other words, if a plaintiff is arrested and prosecuted solely or perhaps principally on the basis of, for example, allegedly planted drugs or a coerced confession stemming from a false arrest, 'a[n] attack on the arrest would necessarily challenge the legality of a prosecution premised on the [illegally gained evidence].' " *Walden v. City of Chicago*, 391 F. Supp. 2d 660, 673 (N.D. Ill. 2005) (Filip, J.), quoting *Wiley*, 361 F.3d at 997. A finding in this case that the defendant planted the gun would necessarily undermine the plaintiff's gun-related criminal convictions. Accordingly, the plaintiff's false arrest claim is *Heck*-barred. The court need not decide whether the state court's finding of probable cause at a pretrial suppression hearing collaterally estops the plaintiff's false arrest claim.

The plaintiff also implicitly claims that the initial stop was unconstitutional. Although the plaintiff has not set forth a separate "Count" relating to the defendant's initial stop, he suggests that the defendant stopped him for no reason as he was walking down the street. The court is aware that, under its obligation to liberally construe *pro se* complaints, *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009), a cause of action for an illegal investigatory stop could be inferred.

Nevertheless, the plaintiff will not be permitted to amend his complaint in order to explicitly set forth such a claim, as the court finds that amendment would be futile. "Although Fed. R. Civ. P. 15(a) provides that leave to amend 'shall be freely given when justice so requires,' it is not to be automatically granted." *Johnson v. Cypress Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011) (quoting

6

*Johnson v. Methodist Medical Center of Ill.*, 10 F.3d 1300, 1303 (7th Cir. 1993)). "[District] courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, **or where the amendment would be futile**." *Johnson*, 641 F.3d at 872 (emphasis added), quoting *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009); *see also Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962); *Thompson v. Ill. Department of Professional Regulation*, 300 F.3d 750, 759 (7th Cir. 2002). In the case at bar, the court finds that it would be fruitless for the plaintiff to pursue any claim concerning the initial stop.

For the same reasons that the plaintiff's false arrest claim is *Heck*-barred, the court is barred from entertaining any claim that the investigatory stop was unwarranted. A police officer must have reasonable suspicion to conduct an investigatory stop under *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). To do so, he needs an objective basis to conclude that the plaintiff is committing or is about to commit a crime. *See United States v. Cortez*, 449 U.S. 411, 417 (1981); *Jones v. Clark*, 630 F.3d 677, 682 (7th Cir. 2011). Here, the defendant has met that burden.

Attached to the defendant's motion to dismiss are transcripts from the bench trial held in the plaintiff's criminal case.[2] The trial transcripts reflect that the defendant did not randomly stop the plaintiff, rather, a police dispatcher sent him to the scene to investigate a report of a "black male wearing white gloves and possibly armed with a rifle." (*See* Defendant's Exhibit C, Report of Proceedings of Bench Trial, pp. 12-14.) After hearing both sides testify, the court found beyond

---

[2]Again, the court may take judicial notice of the state court trial transcript. *See, e.g., White v. Gaetz*, 588 F.3d 1135, 1138 n.2 (7th Cir. 2009); *City of Joliet v. Mid-City Nat. Bank of Chicago*, No. 05 C 6746, 2012 WL 638735, *1 (N.D. Ill. Feb. 22, 2012) (Norgle, J.) ("[t]he Court may take judicial notice of documents that are part of the public record, including pleadings, orders, and transcripts from the prior proceedings") (citations omitted).

a reasonable doubt that the plaintiff was holding a weapon when the defendant approached him. (*Id.*, p. 89.)

As discussed in previous paragraphs, the plaintiff cannot claim that he did not have a gun without disturbing his criminal convictions. The court therefore need not, at this point, reconcile the parties' very different accounts of what happened during the ensuing police encounter. It is sufficient to note that the defendant was specifically called to the scene based on a concerned citizen's 911 call, and that the trial court found, beyond a reasonable doubt, that the defendant witnessed the plaintiff holding a gun. The plaintiff's claim that he was walking down the street cannot "coexist" with his valid conviction. *Compare Evans v. Poskon*, 630 F.3d 362, 364 (7th Cir. 2010) (ruling that plaintiff's conviction for resisting arrest did not necessarily foreclose an excessive force claim). The plaintiff cannot reasonably argue, consistent with his convictions, that the investigative stop was unwarranted.

### B. Count 2: Excessive Force

The defendant does not challenge Count 2 in his motion to dismiss.

### C. Count 3: Discrimination

The plaintiff's bare assertion that he was discriminated against "because of his race and clothing" fails to state a cognizable claim. Although for the purposes of a motion to dismiss the court must take all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1949-1950 (2009). In *Iqbal*, the Supreme Court disregarded the respondent's charge that petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin

8

and for no legitimate penological interest." *Iqbal*, 129 S.Ct. at 1951. The Court concluded that those bare assertions were conclusory and "amount[ed] to nothing more than a "formulaic recitation of the elements of a constitutional discrimination claim." *Ibid.*

The plaintiff's claims in the case at bar fail for much the same reason. The plaintiff has articulated no facts whatsoever to support his contention that the defendant accosted him on account of his race, let alone facts sufficient to raise his right to relief above the speculative level. Approaching a man who fit the general description of an armed suspect and who was at the address reported by the 911 caller does not amount to racial profiling. In the absence of any allegations of discriminatory intent and no facts from which the court could draw an inference that the defendant's actions were motivated by racial animus, the complaint fails to state a tenable equal protection claim.

### D. Count 4: Self-Defense

The plaintiff's "self-defense" count is without merit. The plaintiff asserts that because he was handcuffed, he was defenseless when the defendant allegedly attacked him. The Second Amendment's right to bear arms is inapplicable to this case, and there is no constitutional right to self-defense. The plaintiff's claim that he was handcuffed and unable to ward off the defendant's alleged assault is simply a factor to be considered by the trier of fact in evaluating the excessive force claim. The plaintiff has no separate cause of action for self-defense.

### E. Count 5: Conspiracy

The plaintiff's allegations are insufficient to support a cause of action for conspiracy. "A generalized allegation of conspiracy that fails to identify the timing, scope, and terms of the agreement ... will not satisfy even the minimal requirements of notice pleading under Fed. R. Civ.

P. 8." *Loubser v. Thacker*, 440 F.3d 439, 445 (7th Cir. 2006), citing *Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999). Similarly, in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007), the plaintiffs' allegation of a "contract, combination or conspiracy to prevent competitive entry" was rejected, the Supreme Court deeming it too chimerical to be maintained. "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Iqbal*, 129 S.Ct. at 1951.

In the case at bar, the plaintiff uses the legal buzzword "conspiracy," but he provides no facts whatsoever to support his characterization of the defendant's actions as part of a conspiracy. The complaint does not even suggest with whom the defendant is alleged to have conspired. A complaint must state facts, not legal conclusions. Nothing apart from the plaintiff's say-so suggests a conspiracy. Because the complaint is devoid of facts indicating how the defendant reached an agreement with someone to deny the plaintiff his civil rights, the plaintiff has no colorable cause of action for conspiracy.

**F. Count 6: Respondeat Superior**

The Village of Maywood is not specifically named as a defendant; in any event, the plaintiff has provided no basis for municipal liability. The doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Monell v. New York Dept. of Social Services*, 436 U.S. 658, 691 (1978) "[A] local government may not be sued under §1983 for an injury inflicted solely by its employees or agents." *Id.* at 694; *see also Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011) (citations omitted) ("There is no *respondeat superior* liability under § 1983; the Supreme Court "distinguishes acts of the municipality from acts of employees of the municipality").

10

A government as an entity is responsible under Section 1983 only when the execution of a governmental policy or custom inflicts the injury. *Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 674-675 (7th Cir. 2009), *citing Monell*, 436 U.S. at 694. A municipality cannot be held liable for a constitutional violation in the absence of a custom, policy or practice that effectively caused or condoned the alleged constitutional violations. *See, e.g., Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *Monell*, 436 U.S. at 694. The policy or custom must be the "moving force" behind the alleged constitutional deprivation. *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). A plaintiff must show a "direct causal link between the municipal policy and the constitutional deprivation." *Arlotta v. Bradley Center*, 349 F.3d 517, 522 (7th Cir. 2003).

To establish an official policy or custom, a plaintiff must show that his constitutional injury was caused by: (1) the enforcement of an express policy; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a person with final policy-making authority. *Wragg*, 604 F.3d at 468 (citations omitted). Here, the plaintiff has failed to allege facts implicating the existence any of the three possible bases for municipal liability.

First, there can obviously be no express municipal policy authorizing police officers either to use excessive force or to deny needed medical care to arrestees. Second, the plaintiff has alleged no facts to support an inference that a *de facto* unconstitutional municipal policy or custom exists or existed. Third, the plaintiff is unable to demonstrate that the alleged constitutional violations were at the hands of an individual with final policymaking authority. The plaintiff instead describes

a random and unauthorized attack by a police officers. The plaintiff's *respondeat superior* claim is therefore dismissed.

### G. Count 7: Personal Liability

Count 7 is not properly brought as a separate claim. In his introduction to the complaint, the plaintiff states that he is suing the defendant in both his individual and official capacities. *See* Complaint, ¶ 7. There is no reason for setting forth a separate cause of action for "personal liability." Count 7 is therefore dismissed.

### H. Count 8: Common Law Claim Against the Village of Maywood and Cook County

Count 8 is likewise superfluous. Citing 745 ILCS § 10/9-102, the plaintiff seems to be attempting to ensure that the village and/or county indemnify the defendant should he be found liable. However, no separate count is necessary.

The state statute upon which the plaintiff relies does not provide a private cause of action against a municipality. "745 ILCS 10/9–102 ... does not offer an avenue for suit against [a municipality]. It provides only that a local public entity must pay 'any tort judgment or settlement for compensatory damages ... for which it or an employee while acting within the scope of his employment is liable.'" *Horstman v. County of DuPage*, 284 F. Supp. 2d 1125, 1131 (N.D. Ill. 2003) (Bucklo, J.) (quoting *Wilson v. City of Chicago*, 120 F.3d 681, 685 (7th Cir. 1997)). "In other words, it does not bestow a right of action whereby a plaintiff may sue a municipality directly; rather, it makes the municipality an insurer for its employees." *Horstman*, 284 F. Supp. 2d at 1131, citing *Wilson*, 120 F.3d at 685. As discussed in preceding paragraphs, the Village of Maywood is not itself vicariously liable for the defendant's acts; moreover, as this case involves allegations

against a Village police officer, the plaintiff's claims in no way concern the county. Accordingly, the defendant's motion to dismiss Count 8 is granted.

## I. The Plaintiff's Medical Claim

Although the plaintiff does not set forth a medical claim as a separate count, his allegations are sufficient to state such a claim. The plaintiff alleges: "Def denied Plaintiff medical attention for his injuries, though Plaintiff complained of injuries & Plaintiff's injuries were obvious & observable." (Complaint, ¶ 17.) He goes on to allege that he was taken to bond court instead of a hospital, and that, afterwards, he was refused admission to the Cook County Jail because he was complaining of injuries needing treatment. (*Id.*, ¶¶ 18-20.) Under the Fourth Amendment, the police may not act with deliberate indifference to an arrestee's serious medical needs. *See, e.g., Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *Sides v. City of Champaign*, 496 F.3d 820, 828 (7th Cir. 2007). Accordingly, the court, in allowing the plaintiff to proceed on his claims, liberally construed the complaint as purporting a claim for denial of medical care. *See* Minute Order of May 13, 2011 (Dow, J.). Therefore, in addition to Count 2 (the plaintiff's excessive force claim), the court treats the complaint as articulating a medical claim as well.

As a final concern, the court notes that the plaintiff filed a surreply brief in connection with the motion to dismiss. In setting a briefing schedule, the court provided for the submission of a response and a reply brief. *See* Minute Entry of December 22, 2011. The court did not grant the plaintiff permission to file a surreply brief. If, in the future, the plaintiff wishes to file a supplemental brief, he must seek leave of court to do so.

13

## IV. CONCLUSION

In sum, even accepting the plaintiff's factual allegations as true, the court finds that Counts 1 and 3 through 8 fail to state a claim as a matter of law. The plaintiff may proceed only on his claims that the defendant (1) used excessive force against him (Count 2), and (b) denied him immediate access to needed medical care.

For the foregoing reasons, the defendant's motion to dismiss certain counts [#18] is granted. Counts 1, 3, 4, 5, 6, 7, and 8 are dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The defendant is directed to answer or otherwise plead as to Count 2, as well as the plaintiff's claim that needed medical care was delayed, within twenty-one days of the date of this order. This matter is set for a status conference on April 11, 2012, at 9:30 A.M. Defense counsel is directed to make arrangements for the plaintiff to participate in the hearing by telephone.

Susan E. Cox
United States Magistrate Judge

Date: 3-29-12